IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$4,543.79 IN FUNDS SEIZED FROM BANK ACCOUNT #153568031006 IN THE NAME OF CARLETON P. NELSON AND AMY S. NELSON AT U.S. BANK,<br><br>$8,388.54 IN FUNDS SEIZED FROM BANK ACCOUNT #1635892407 IN THE NAME OF AMY STERNER NELSON AT WELLS FARGO,<br><br>$13,559.97 IN FUNDS SEIZED FROM BANK ACCOUNT #1361410762 IN THE NAME OF E2M PROPERTIES LLC AT CAPTIAL ONE BANK,<br><br>$25,343.01 IN FUNDS SEIZED FROM BANK ACCOUNT #145947373 IN THE NAME OF CARLETON NELSON AT CITIBANK,<br><br>$98,358.92 IN FUNDS SEIZED FROM BANK ACCOUNT #149656681 IN THE NAME OF CARLETON NELSON AT CITIBANK,<br><br>$491,780.50 IN FUNDS SEIZED FROM ACCOUNT ENDING IN 5810, HELD ON BEHALF OF AMY STERNER NELSON AND CARLETON P. NELSON, AT SIGNATURE BANK,<br><br>$10,567.43 IN FUNDS SEIZED FROM BANK ACCOUNT # 104781237441 IN THE NAME OF DEVON M. KIRSCHNER AND CASEY H. KIRSCHNER AT U.S. BANK, | Civil No. 1:20-cv-1343 |

1

$1,217.05 IN FUNDS SEIZED FROM BANK ACCOUNT #320013539278 IN THE NAME OF AMY S. NELSON AND CARLETON PHILLIP NELSON AT AMERICAN EXPRESS NATIONAL BANK,

and

$4,284.47 IN FUNDS SEIZED FROM BANK ACCOUNT #1518835838 IN THE NAME OF AMY S. NELSON AND CARLETON PHILLIP NELSON AT AMERICAN EXPRESS NATIONAL BANK,

Defendants In Rem.

## MOTION TO SEAL

Comes now the United States of America, by counsel, and moves this Honorable Court for leave to file under seal a declaration by Federal Bureau of Investigation Special Agent Randy Combs in support of the contemporaneously-filed motion to stay. In support of this motion, the government states as follows:

1. On February 3, 2021, the government filed a motion to stay this civil forfeiture case in light of an ongoing criminal investigation involving the same facts and circumstances, nearly identical parties, and identical offenses. The government was joined in its motion by claimants Casey Kirschner and E2M Properties, LLC, citing Fifth Amendment concerns if civil discovery proceeded.

2. 18 U.S.C. § 981(g)(5) provides that, in connection with the government's motion to stay, "the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."

3. Case law confirms that the government may also seek to seal evidence presented to the Court in connection with its motion to stay. See, e.g., United States v. Approximately $144,001 in U.S. Currency, No. C 09-04182, 2010 WL 1838660, at *1 (N.D.Cal. May 3, 2010) (noting that 18 U.S.C. § 981(g)(5) expressly permits the government to file evidence in support of a motion to stay under seal and declining to revisit the Court's prior ruling ordering the materials sealed); United States v. 3039.375 Pounds of Copper Coins, No. 1:08-cv-230, 2008 WL 2550624, at *1 (W.D.N.C. Jun. 20, 2008) (where government met both the requirements of 18 U.S.C. § 981(g)(5) and the local rule on motions to seal, sealing evidence in support of the government's motion to seal was appropriate); United States v. $716,502.44 in U.S. Currency, No. 08-cv-11475, 2008 WL 5158291, at *5 (E.D.Mich. Dec. 5, 2008) (in granting a stay, noting that the Court considered a sealed affidavit filed by the government in support of its motion to stay).

4. Both the statute and the case law make sense, since having to divulge information to the claimants and to the public about the progress of the criminal investigation and how that criminal investigation will be negatively impacted by civil discovery would undermine the very relief the government is seeking in its motion to stay.

5. Local Civil Rule 5(C) provides that a motion to seal must include: (1) a non-confidential description of the material to be filed under seal; (2) a statement as to why sealing is necessary, why another procedure will not suffice, and any evidentiary support for the motion to seal; (3) references to governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; and (4) the period of time that the movant seeks to have the materials under seal and procedures to be followed upon unsealing.

6. The material to be filed under seal is the declaration of FBI Agent Randy Combs, which supports the government's arguments for staying this civil forfeiture case. Specifically, Agent Combs's declaration discusses the nature of the investigation, the progress of the case, the present stage of the criminal investigation, and witness/discovery issues.

7. As alluded to in paragraph 4 above, sealing is necessary to avoid divulging details regarding an ongoing criminal investigation which would negatively impact that investigation. Agent Combs's declaration contains sufficient detail and specificity that the government cannot envision an alternative to sealing. The amount of redaction that would be necessary to file the declaration publically would result in an unreadable and incomprehensible document.

8. The government provides references to governing statutes and case law in paragraphs 2 and 3 above. The standard for sealing has been satisfied because the materials contained in Agent Combs's declaration, described in paragraph 6 above, relate to an ongoing criminal investigation and divulging them would have severe negative consequences on the ongoing criminal investigation. The government seeks to have the declaration remain under seal for a period of one year. Upon unsealing, the document may be made accessible to the general public on PACER.

9. The government notes that although claimants Casey Kirschner and E2M Properties, LLC are joining the government's motion to stay, they have not seen the materials the government seeks to seal with this motion. The government offers the declaration of Agent Combs in support only of its arguments for a stay—that proceeding with civil discovery will undermine the ongoing criminal investigation.

Based on the foregoing, the government respectfully requests leave to file the declaration of FBI Agent Randy Combs under seal in support of its arguments in the motion to stay. The government will cause a paper copy of Agent Combs's declaration to be delivered to the Clerk's Office in Alexandria in accordance with Local Civil Rule 5(E).

Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By:     /s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of the filing (NEF) to all counsel of record. I have also mailed a true copy of this motion to the following:

Casey Kirschner
635 Alvarado Lane North
Plymouth, MN 55447


By:    /s/ Kevin Hudson
        Kevin Hudson
        Assistant United States Attorney
        Virginia State Bar No. 81420
        Attorney for the United States
        721 Lakefront Commons, Suite 300
        Newport News, VA 23606
        Office Number: (757) 591-4000
        Facsimile Number: (757) 591-0866
        Email Address: kevin.hudson@usdoj.gov