IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $4,543.79 IN FUNDS SEIZED FROM BANK ACCOUNT #153568031006 IN THE NAME OF CARLETON P. NELSON AND AMY S. NELSON AT U.S. BANK, <br><br> $8,388.54 IN FUNDS SEIZED FROM BANK ACCOUNT #1635892407 IN THE NAME OF AMY STERNER NELSON AT WELLS FARGO, <br><br> $13,559.97 IN FUNDS SEIZED FROM BANK ACCOUNT #1361410762 IN THE NAME OF E2M PROPERTIES LLC AT CAPTIAL ONE BANK, <br><br> $25,343.01 IN FUNDS SEIZED FROM BANK ACCOUNT #145947373 IN THE NAME OF CARLETON NELSON AT CITIBANK, <br><br> $98,358.92 IN FUNDS SEIZED FROM BANK ACCOUNT #149656681 IN THE NAME OF CARLETON NELSON AT CITIBANK, <br><br> $491,780.50 IN FUNDS SEIZED FROM ACCOUNT ENDING IN 5810, HELD ON BEHALF OF AMY STERNER NELSON AND CARLETON P. NELSON, AT SIGNATURE BANK, <br><br> $10,567.43 IN FUNDS SEIZED FROM BANK ACCOUNT # 104781237441 IN THE NAME OF DEVON M. KIRSCHNER AND CASEY H. KIRSCHNER AT U.S. BANK, | Civil No. 1:20-cv-1343 |

1

$1,217.05 IN FUNDS SEIZED FROM BANK ACCOUNT #320013539278 IN THE NAME OF AMY S. NELSON AND CARLETON PHILLIP NELSON AT AMERICAN EXPRESS NATIONAL BANK,

and

$4,284.47 IN FUNDS SEIZED FROM BANK ACCOUNT #1518835838 IN THE NAME OF AMY S. NELSON AND CARLETON PHILLIP NELSON AT AMERICAN EXPRESS NATIONAL BANK,

Defendants In Rem.

### GOVERNMENT'S POSITION ON UNSEALING DECLARATIONS SUBMITTED IN SUPPORT OF STAY MOTIONS

Comes now the United States of America, by counsel, and pursuant to the Court's order of April 4, 2024, offers its position on whether to unseal certain documents offered in support of the government's two previous motions to stay in this case. By order dated March 31, 2022, the Court ordered that the documents be placed under seal. The documents consisted of a declaration dated February 3, 2021 (Document 22), a status report filed on May 5, 2021 (Document 41), a status report filed on July 2, 2021 (Document 44), and a declaration dated September 7, 2021 (Document 48). After reviewing these documents again, the government believes they should all remain under seal.

The authority to grant a stay of a civil forfeiture case is found at 18 U.S.C. § 981(g). In particular, 18 U.S.C. § 981(g)(5) provides that the government may make the necessary showings to obtain a stay through presentation of evidence ex parte where doing otherwise may adversely affect an ongoing criminal investigation. United States v. Funds in the Amount of $1,669,675.00, No. 1:13-cv-21549, 2014 WL 687553, at *2 (S.D.Fla. Jan. 16, 2014) (that the

statute expressly authorizes the submission of ex parte evidence is sufficient reason to overrule claimant's objection to having to respond to evidence it cannot see); United States v. $144,001 in U.S. Currency, No. C 09-04182, 2010 WL 1838660, at *1 (N.D.Cal. May 3, 2010) (the plain language of § 981(g)(5) permits the government to submit evidence in support of its motion to stay ex parte and under seal even if the claimant objects); United States v. GAF Financial Services, Inc., 335 F.Supp.2d 1371, 1373 n.2 (S.D.Fla. 2004) (same).

Further, the First Amendment provides a right of access to a judicial proceeding or record that has historically been open to the press and general public and where public access plays a significant positive role in the functioning of the particular process in question. Courthouse News Service v. Schaefer, 2 F.4th 318, 326 (4th Cir. 2021). But this right of access can be denied where there is a compelling government interest and the denial of access is narrowly tailored to serve that interest. Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989).[1]  For example, the Fourth Circuit has found that there is not a right of access to an affidavit in support of a search warrant because proceedings for the issuance of search warrants are not open. Id. at 64.  That court has also held that a district court committed error when it did not seal an order which referred to a criminal defendant's cooperation with the government. United States v. Doe, 962 F.3d 139, 147 (4th Cir. 2020).  Likewise, "Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access." United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018).

---

[1] There is also a common law right of access.  Under the common law analysis, whether to grant or deny access is left to the sound discretion of the court exercised in light of the facts and circumstances of the particular case. Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989).

In this case, the documents at issue should remain under seal. As a threshold matter, it is far from clear that there is any right of public access with respect to the documents at issue. By statute, the government may submit these documents on an ex parte basis, a strong indicator that such records have not historically been open to the press and the general public. 18 U.S.C. § 981(g)(5). Indeed, such declarations in support of civil forfeiture stays share many of the same sensitive aspects as search warrants do, including divulging the names of cooperators who have provided the government with information.

The documents at issue here do precisely that—they provide the name of a cooperator and provide details of the information that cooperator furnished to the government. See, e.g., Document 22, ¶¶ 12, 29, 31; Document 48, ¶ 6. They also provide an additional detail about that cooperator that ended up not coming to fruition, making the divulging of that detail all the more problematic for that cooperator. See Document 22, ¶ 12 n.1; Document 48, ¶ 6 n.1. Simply redacting the cooperator's name would not suffice given the details of the information that cooperator provided. Those details would, even in the absence of a name, reveal the cooperator's identity. Further, one of the status reports at issue also divulges proceedings that took place before the grand jury, which are subject to Fed. R. Crim P. 6(e)'s secrecy provisions. See Document 41, p. 3. Although that status report does not reveal the name of the person who testified, who is different from the aforementioned cooperator, it gives a sufficient description of the person's role to narrow who it could be to a few people. The government has a compelling interest in protecting cooperators from harassment and harm. Doe, 962 F.3d at 148 ("we have no difficulty concluding that protecting cooperators from harm is a compelling interest that can justify sealing"). That compelling interest remains regardless of the fact that this U.S. Attorney's

4

Office dismissed certain criminal cases associated with this civil forfeiture case and elected not to proceed on others.

In addition to divulging the details of a person's cooperation with the government, one of the documents at issue also names then-targets in the criminal case who did not appear in these civil forfeiture proceedings and who, as far as the undersigned is aware after consulting with the AUSAs that were assigned to the related criminal cases, were never named in public in connection with the facts of this broader case. See Document 22, ¶¶ 18-19. If the documents were unsealed, derogatory information about those then-targets would be available to the public without those then-targets having any outlet or opportunity to defend their reputation.

As for the July 2, 2021 status report, it discusses claims of privilege (Document 44). This includes negotiations between the government and the claimant regarding those claims of privilege.

Finally, the February 3, 2021 declaration contains some very sensitive details about a then-target and a member of that target's family. See Document 22, ¶¶ 23-27. Both the content of that information and the source of it should not be divulged. The public would gain nothing by learning those details, but revealing them may cause the then-target, who was not ultimately charged, significant embarrassment. Unsealing may also place the source of that information in danger. Certainly, it would place the source of the information in significant fear of danger, at the very least. See Document 22, ¶ 27.

For the reasons set forth above, the government respectfully submits that the documents at issue should remain under seal.

        Respectfully submitted,

        JESSICA D. ABER
        UNITED STATES ATTORNEY


By:   /s/Kevin Hudson
        Kevin Hudson
        Assistant United States Attorney
        Virginia State Bar No. 81420
        Attorney for the United States
        11815 Fountain Way, Suite 200
        Newport News, Virginia 23606
        Office Number: (757) 591-4000
        Facsimile Number: (757) 591-0866
        Email Address:  kevin.hudson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the 18th day of April 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record

> By:    /s/ Kevin Hudson
> Kevin Hudson
> Assistant United States Attorney
> Virginia State Bar No. 81420
> Attorney for the United States
> 11815 Fountain Way, Suite 200
> Newport News, Virginia 23606
> Office Number: (757) 591-4000
> Facsimile Number: (757) 591-0866
> Email Address: kevin.hudson@usdoj.gov