## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 1:20-cv-1343** |
| Plaintiff, | ) | |
| v. | ) | |
| **$4543.79 IN FUNDS SEIZED FROM BANK ACCOUNT #153568031006 IN THE NAME OF CARLETON P. NELSON AND AMY S. NELSON AT U.S. BANK, et. al.,** | ) | **MOTION TO UNSEAL CERTAIN DOCUMENTS** |
| Defendants In Rem. | ) | |

Movant Brian Watson files this Motion to unseal certain documents currently under seal in the above-captioned case in the established and fundamental interest of transparency and public access to court records.

## INTRODUCTION

Forfeiture actions pursuant to 18 U.S.C. § 981(a)(1)(c) are a matter of significant public interest and concern. The Federal Government's ability to seize private property is an extraordinary power that must be open to public scrutiny, not wielded behind a shield of secrecy. The documents that the Government filed under seal in this case are, by the Government's own telling, directly related to the basis for the civil forfeiture complaint. (*See generally* Assertion of Claim (Under Seal) (Dkt. 10).) Now that the criminal investigation that formed the basis for sealing the records has been concluded and the prior seal order has expired, there is no justifiable basis to keep these documents sealed.

As a member of the American Public, Mr. Watson files this Motion to Unseal to protect the public interest in open access to court records. As one of the subjects of the Government's ultimately fruitless investigation of the unproven scheme that formed the basis of this forfeiture action, Mr. Watson files this Motion to protect his personal interest in seeing the documents underlying the investigation that upended his life and destroyed the business that he built over decades. There is no longer any order in place that allows these documents to remain hidden from the public, and the Government has not put forth any valid or persuasive reason why a new sealing order should be entered. Accordingly, Mr. Watson respectfully requests that the Court make the documents previously filed under seal in this matter available to the public on the Court's Public Access to Court Electronic Records system, otherwise known as PACER.

## **BACKGROUND**

The Government has filed four documents under seal in this matter: (i) the declaration of FBI Special Agent Randy Combs in support of the Government's motion to stay (Dkt. 22); (ii) the first and second Periodic Status Reports, which detail the status of the Government's then-ongoing criminal investigation as of May 5, 2021 (Dkt. 41) and July 2, 2021 (Dkt. 44), respectively; and (iii) the supplemental declaration of FBI Special Agent Randy Combs in support of the Government's motion to extend the stay imposed in March 2021 (Dkt. 48). The basis for the Government's request to file each of these documents under seal was that public access to the documents would undermine a then on-going criminal investigation. *See* Dkts. 20, 40, 47, 50. This Court granted the Government's requests to seal, but, recognizing that sealing documents is highly disfavored, ordered that the seal expire after a period of one year. *See e.g.*, Dkt. 52.

On March 31, 2022, the Government sought to continue the seal on the documents for another two years. Dkt. 63. The Government acknowledged and agreed that after the expiration of

the two-year period, the documents could be unsealed and made available to the general public on PACER. *Id.* ¶ 9. On March 31, 2022, this Court ordered that the documents would be sealed for a period of two years from the date of the order. Dkt. 64.

The Government did not file a motion to renew the seal, and it subsequently expired on March 31, 2024. On April 4, 2024, this Court ordered the parties to file briefs stating their position on unsealing. Dkt. 65. In response, the Government filed a brief arguing that the documents should be permanently sealed to protect the identity of cooperators and the former targets of the investigation. Dkt. 66. The Government does not contend that the investigation is still ongoing or that unsealing would jeopardize any ongoing investigation. *Id.*

Carleton and Amy Nelson, the owners of the subject property, filed a brief in support of unsealing the documents. Dkt. 67. The Nelson's argue that there is no justification for the continued sealing of the documents: the investigation concluded in the dismissal of two plea deals and a declination to bring charges against the other subjects of the investigation. *Id.*, pp. 1–2, 12–13. Mr. Watson and the approximate thirty-five equity investors who invested alongside of him had their money seized by the Government on May 7, 2020, the same day that majority equity investor IPI effectuated a buyout of the thirty-five equity investors' interests in the nine data center transactions. The Government held the seized funds for approximately 2-½ years and ultimately released them to thirty-four of the thirty-five equity investors on one condition: that Mr. Watson be prohibited from receiving any of the seized funds, notwithstanding that, of the thirty-five equity investors, he had the third largest investment. The Government's seizure of Mr. Watson's invested funds and reallocation of the funds to the other thirty-four equity investors, none of whom was entitled to the funds, injured Mr. Watson's property interests. And the Government's temporary seizure of the other thirty-four investors' funds directly injured their property interests. All thirty-

five of the equity investors are the Government's victims. As such, Mr. Watson and the other thirty-four investors—all of whom are American citizens—have a right to know what factual basis existed to support the Government's draconian civil forfeiture actions. Additionally, as American citizens, they all have a baseline right of access to documents on which the Court relied in presiding over the civil forfeiture action because the public has an interest in the Government's conduct of civil forfeiture proceedings generally, especially where, as here, neither the facts nor the law support a permanent seal. Attached hereto as **Exhibit A** are personal Declarations, one each signed by Mr. Watson and each of nine investors who support Mr. Watson's request for the four above-described documents to be unsealed along with any other documents that remain under seal solely because they refer to substantive detail found in Dkts. 22, 41, 44, and/or 48. Additional claimants in this matter, Kirschner and E2M Properties, LLC, do not oppose Mr. Watson's request that the four documents be unsealed. *Id*., p. 13.

The court-ordered briefing on the parties' respective positions on unsealing concluded on April 18, 2024, and no new sealing order has been entered. However, the documents at issue remain under seal and inaccessible to the public as of the date of this filing.

## <u>APPLICABLE LAW</u>

It is well-established that there is a "right of public access" to judicial records. *See e.g., In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). This right "derives from two independent sources: the First Amendment and the common law." *Id*. However, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). There is a presumption of public access to judicial records which can only be rebutted "if countervailing interests heavily

4

outweigh the public's interest in access." *Rushford v. New Yorker Mag., Inc*., 846 F.2d 249, 253 (4th Cir. 1988). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*.

### ARGUMENT

The two Combs' declarations and two Periodic Status Reports described herein are "judicial records" and therefore subject to the right of access rooted in the First Amendment of the U.S. Constitution and common law. "For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'" *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).  "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Id.*

FBI Special Agent Randy Combs declaration and supplemental declaration were filed in connection with the Government's motions to stay and continue, respectively, this civil forfeiture action.  Therefore, the declarations are judicial records subject to the common law right of access "because they were filed with the objective of obtaining judicial action or relief." *In re Application*, 707 F.3d at 291.  Likewise, the status reports informed the Court's bimonthly decisions whether to continue the stay or lift it for the remainder of the original stay. (Dkt. 33.) Because the reports played a role in the adjudicative process on which the Government relied to request that the stay be continued, they too are judicial records subject to the common law right of access.  *See id.*

The two Combs declarations and two Periodic Status Reports are "judicial records" for purpose of common-law access. The also are subject to a right of access based, independently, on the First Amendment. For a First Amendment right of access to exist, the court applies the

5

"experience and logic" test, asking: "1) 'whether the place and process have historically been open to the press and general public,'" (the "experience" prong)  and "2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" (the "logic" prong). *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (quoting *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 8–10 (1986)).

With respect to the experience prong, this civil forfeiture proceeding is a civil action and "proceedings in civil cases are traditionally open." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004). As for the logic prong, because civil forfeiture actions implicate the Government's ability to seize property, "the public interest in access . . . may be as strong as, or stronger than, in most criminal cases." *Va Dep't of State Police*, 386 F.3d at 580 (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 386 n.5 (1979)).  Unlike the "pre-indictment investigative processes" at issue in *In re Application*, this civil forfeiture proceeding, subject to the notice and other procedural requirements of 18 U.S.C. § 983, is "amenable to the practices and procedures employed in connection with other judicial proceedings."  *In re Application*, 707 F.3d at 292 (quoting *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000)).

Because the sealed documents here—*i.e.*, Dkts. 22, 41, 44, and 48—are judicial records, and because they satisfy the experience and logic test, the public has a right of access to them under both the common law and the First Amendment.

The sealing order for documents 22, 41, 44, and 48 has long expired, as has any justification for keeping the filings in this civil matter hidden from the public. The documents at issue were filed in this Court as part of a public civil forfeiture proceeding, and, therefore, are entitled to the presumption of public access. The Government has failed to prove any countervailing interest, much less a countervailing interest that "heavily outweighs" the public's interest in access. While

the law provides that the interest in protecting the integrity of an ongoing investigation can outweigh the public's right of access to court records, the Government does not contend that there is any ongoing investigation. Rather, the Government argues that the documents must be forever hidden from the public because they identify individuals who cooperated with a past investigation or were the target of a past investigation. *See* Dkt. 66.

This is not a sufficient justification. There has been significant litigation of and publicity around the investigation of the alleged scheme that forms the basis of both the forfeiture complaint and now-concluded criminal investigation. *See* Dkt. 1, ¶ 2. Because of this, the identity of the targets of the investigation (which include Mr. Watson) have already been made public. So too have the identities of persons who cooperated with the Government in connection with the investigation. This includes Kyle Ramstetter and Christian Kirschner, who previously entered plea deals in criminal cases that were ultimately dismissed at the Governments' request. *See* Case No. 1:23-cr-27 (E.D. Va.) (Dkt. 20, 28); Case No. 1:23-cr-36 (E.D. Va.) (Dkt. 23, 33). The names of other former Northstar Employees, current and former IPI employees, and current and former Amazon employees have been publicly named in connection with this civil forfeiture matter and deposed in concurrent civil litigation, including, for example, Danny Mulcahy, Timothy Lorman, Josh Richards, and Jason Fogle. Indeed, the Government has even made public an affidavit of another FBI Special Agent in connection with this matter that contains significant detail about the cooperators and targets in the investigation. *See* Case No. 2:20-mj-00289-MAT (W.D. Wash).

In short, any claim that public access to the documents at issue would cause harm to the persons identified therein is uncompelling given that the identity of these individuals and the details of their involvement in this matter is already public knowledge. The public has a right to see the information filed and used by the Government in this case. Mr. Watson specifically has a

right to know the details of the investigation that has decimated his personal and professional life. The Government does not have a right to prosecute its claims in private, beyond the reach of public scrutiny. In the interest of maintaining a fair and transparent justice system, this Court should lift the seal and require the government to produce the documents, testimony, and declarations it relied upon, to restore the public's right of access to the court records in this case.

In addition to the above, on Thursday, August 15, 2024, legal counsel for the Nelson parties shared with legal counsel for the Plaintiff and legal counsel for other Defendants, including Mr. Watson, an audio recording of a telephone call between Kyle Ramstetter and Amy Nelson (a copy of the audio recording is available upon request). This phone conversation, which Amy Nelson recorded, was then transcribed by a certified transcription agency (a copy of the certified transcript is attached hereto as **Exhibit B)**. The audio recording and certified transcript make clear that Kyle Ramstetter initiated the call of his own volition to Carleton Nelson's wife, Amy. A non-party in this Case No. 1:20-cv-1343, Ramstetter told Amy Nelson that he was "being told what to say," and was "being threatened with f*****' everything, with every component of my life," presumably by Plaintiff's counsel, the Government's counsel, or both. Mr. Ramstetter also stated that "[Amy's] husband[, Carleton,] did nothing wrong," which seems to undermine, if not contradict, Ramstetter's prior written plea agreement with the Government. The public has a right to know which of Mr. Ramstetter's competing statements is supported by the factual record in this case. Indeed, in the absence of a valid justification for preserving judicial secrecy in this case, this Court must vindicate the public's right to access judicial records by unsealing documents that the Government filed under seal, including the Combs declaration and supplemental declaration, the Periodic Status reports filed in May and July of 2021, and any other documents, testimony, sworn statements or declarations that the Government used or relied on in this case.

## <u>CONCLUSION</u>

The sealing order for these documents has expired, and so too has any justification for keeping the documents hidden from the public. Accordingly, Mr. Watson respectfully requests that this Court lift the seal on the four documents presently under seal in the above-captioned matter, and require the Government to share any other documents, testimony, sworn statements or declarations it relied on to justify its conduct of this or a related case.

Dated: August 23, 2024           Respectfully submitted,


          */s/ Jeffrey R. Hamlin*
          George R. Calhoun
          Jeffrey R Hamlin (VSB 46932)
          Robert Ward
          Ifrah Law PLLC
          1717 Pennsylvania Ave. NW, Suite 650
          Washington, DC 20006
          (202) 524-4143 (office)
          (571) 228-3740 (cell)