IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$4,543.79 IN FUNDS SEIZED FROM BANK ACCOUNT #153568031006 IN THE NAME OF CARLETON P. NELSON AND AMY S. NELSON AT U.S. BANK,<br><br>$8,388.54 IN FUNDS SEIZED FROM BANK ACCOUNT #1635892407 IN THE NAME OF AMY STERNER NELSON AT WELLS FARGO,<br><br>$13,559.97 IN FUNDS SEIZED FROM BANK ACCOUNT #1361410762 IN THE NAME OF E2M PROPERTIES LLC AT CAPTIAL ONE BANK,<br><br>$25,343.01 IN FUNDS SEIZED FROM BANK ACCOUNT #145947373 IN THE NAME OF CARLETON NELSON AT CITIBANK,<br><br>$98,358.92 IN FUNDS SEIZED FROM BANK ACCOUNT #149656681 IN THE NAME OF CARLETON NELSON AT CITIBANK,<br><br>$491,780.50 IN FUNDS SEIZED FROM ACCOUNT ENDING IN 5810, HELD ON BEHALF OF AMY STERNER NELSON AND CARLETON P. NELSON, AT SIGNATURE BANK,<br><br>$10,567.43 IN FUNDS SEIZED FROM BANK ACCOUNT # 104781237441 IN THE NAME OF DEVON M. KIRSCHNER AND CASEY H. KIRSCHNER AT U.S. BANK, | Civil No.  1:20-cv-1343 |

1

| |
|---|
| $1,217.05 IN FUNDS SEIZED FROM BANK ACCOUNT #320013539278 IN THE NAME OF AMY S. NELSON AND CARLETON PHILLIP NELSON AT AMERICAN EXPRESS NATIONAL BANK, <br><br> and <br><br> $4,284.47 IN FUNDS SEIZED FROM BANK ACCOUNT #1518835838 IN THE NAME OF AMY S. NELSON AND CARLETON PHILLIP NELSON AT AMERICAN EXPRESS NATIONAL BANK, <br><br> Defendants In Rem. |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE MOTION TO UNSEAL

Comes now the United States of America, by counsel, and offers its response in opposition to movant Brian Watson's motion to unseal documents related to the government's stay motions in this case (Document 68). The government has already addressed the issue of keeping the seal in place in its brief filed on April 18, 2024 (Document 66). The government does not intend to repeat the contents of that brief here and incorporates that brief by reference in this response.[1] For the reasons already set forth in that previous brief, as well as the additional arguments advanced in this response, the documents at issue should remain under seal.

---

[1] In its April 18, 2024 brief, the government addressed the First Amendment right of access and also noted the common law right of access. In his motion, the movant relies on both. As the government conducted further research occasioned by the movant's recent motion to unseal, it found case law indicating that the First Amendment right of access may not apply to non-dispositive motions, like a motion to stay. Kolon Industries, Inc. v. E.I. Du Pont de Nemours and Co., No. 3:11-cv-622, 2012 WL 1415641, at *5 (E.D.Va. Apr. 20, 2012). Rather, the analysis of whether to unseal a non-dispositive document is governed by the common law right of access. Id. at *4-*5. Under the First Amendment standard, denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest, whereas under the common law standard, the public interest favoring access must be heavily outweighed by the other asserted interests to overcome the presumption in favor of public access. Id. In either

2

The movant opens his motion with the allegation that, by requesting that the subject documents remain sealed, the government is wielding the ability to seize private property behind a shield of secrecy.[2]  But the government respectfully disagrees with the movant's framing of the issue here.  The government is not seeking "to litigate its claims in secret and to keep all meaningful facts about the litigation forever concealed from public view."  Doe v. Public Citizen, 749 F.3d 246, 270 (4th Cir. 2014) (district court erred in "allow[ing] the entire litigation—from filing to judgment—to occur behind closed doors," including sealing materials related to summary judgment and issuing a heavily redacted opinion wherein it granted summary judgment for the plaintiff).  Indeed, the only items under seal in this case are the declarations in support of the government's publicly filed stay motions and the periodic status reports related to maintaining the stay.  To be clear, the documents at issue here were filed for the purpose of and contain facts that are germane to obtaining and maintaining the stay.  The subject documents were not intended or offered for the purpose of litigating the merits of the underlying forfeiture action—indeed, the underlying merits were not the issue in the government's stay motions.

As explained in the government's previously filed response brief of April 18, 2024, the subject documents are under seal for good reason.  For starters, 18 U.S.C. § 981(g)(5) specifically authorizes evidence related to a stay motion to be offered ex parte and under seal.

---

event, for the reasons explained in its April 18, 2024 brief and this response, the government believes that the subject documents should remain sealed.

[2] The movant also alleges that the government seized his money and that of additional investors and held it for two and a half years before releasing it on the condition that the movant not receive any of it.  For context, the movant was not a claimant in this particular case, 1:20-cv-1343, rather he filed a claim as the manager of two companies in case 1:21-cv-561.  In that 1:21-cv-561 case, the two companies withdrew their claim, noting that the movant expected to be paid out of another proceeding in Delaware.  The government and the additional investors, who were also claimants in 1:21-cv-561, then entered into a settlement where the seized funds would be returned to the additional investors besides the movant.  The time from seizure to settlement was approximately one and a half years.

3

United States v. $144,001 in U.S. Currency, No. C 09-04182, 2010 WL 1838660, at *1 (N.D.Cal. May 3, 2010) (the plain language of § 981(g)(5) permits the government to submit evidence in support of its motion to stay ex parte and under seal even if the claimant objects). This makes a great deal of sense, given that the authorizing statute is triggered when the civil forfeiture is related to a criminal investigation. And even though that criminal investigation has completed in this case, the sealed material not only implicates explanations of events covered by Fed. R. Crim. P. 6(e), it also contains some very sensitive information about the then-targets and those connected to them that was never meant for public consumption. See, e.g., Document 22, ¶¶ 23-27. This includes information about and the names of potential witnesses and those who cooperated with law enforcement in the investigation. Though the movant lists names of people he believes to be cooperators in his motion, a comparison of his motion with the subject documents only strengthens the government's argument. See, e.g., Document 22, ¶ 18. Even for those cooperators and potential witnesses not listed by name in the subject documents, the documents provide adequate information from which their identity could be deduced. See, e.g., Document 41, pp. 3-4. This is not a situation where materials are sealed simply to save a party from speculative reputational harm, rather it is one where the seal protects those who cooperated with the government in a criminal investigation, as well as the physical and psychological well-being of individuals related to the litigation. Compare Public Citizen, 749 F.3d at 270 ("This Court has never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm, let alone harm to a company's reputation.") with United States v. Doe, 962 F.3d 139, 147 (4th Cir. 2020) (error not to seal an order referring to a defendant's cooperation with the government) and United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018) ("Courts have recognized that an interest in protecting the physical and psychological well-being

of individuals related to the litigation, including family members and particularly minors, may justify restricting access.").

The government also notes that if it became regular practice to unseal these sorts of stay declarations after a period had passed, it would greatly restrict the government in what information it could offer to the Court in those declarations without placing its sources of information in fear or danger. And, if the government did find itself in such a situation, it would essentially nullify the tool that Congress provided the government in 18 U.S.C. § 981(g)(5). It would also lessen the chance that witnesses would consistently and candidly provide information to the government for fear of outing and reprisal.

To be clear, the government has never sought to litigate this case in secret. But it does seek to protect its cooperators and those connected to the targets. Indeed, that is the minimum the government owes those people and that is the reason for the seal. Every other document in this case is public, including the complaint, the answers, the motions to seal themselves, and all settlement agreements and orders. In other words, all the case dispositive documents are publicly available. Even the motions to seal themselves are publicly available and provide a public recitation of why the government sought the stay. A hearing on the first motion to stay was conducted publicly. Again, the stay declarations were not offered to attempt to litigate the merits of the civil forfeiture case, they were only offered to show the Court why a delay in that proceeding was appropriate. For the reasons explained herein and those previously set forth in the government's brief of April 18, 2024, the movant's motion to unseal should be denied.

5

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY


By:     /s/Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address:  kevin.hudson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of September 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record.

By:     /s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov