**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>**$4543.79 IN FUNDS SEIZED FROM**  )<br>**BANK ACCOUNT #153568031006 IN**  )<br>**THE NAME OF CARLETON P.**  )<br>**NELSON AND AMY S. NELSON AT U.S.**  )<br>**BANK, et. al.,**  )<br>  )<br>Defendants In Rem.  )<br>  ) | **Case No. 1:20-cv-1343**<br><br><br><br><br><br><br>**REPLY IN FURTHER SUPPORT OF**<br>**MOTION TO UNSEAL CERTAIN**<br>**DOCUMENTS** |

Movant Brian Watson files this Reply in Further Support of his motion to unseal the Combs Declaration (Dkt. 22); the first and second Periodic Status Reports, which detail the Government's then-ongoing criminal investigation as of May 5, 2021 (Dkt. 41) and July 2, 2021 (Dkt. 44), respectively; the Supplemental Combs Declaration (Dkt. 48), and any documents currently under seal solely because they summarize or reference material in Docket Nos. 22, 41, 44, and/or 48.

The Government opposes Mr. Watson's motion[1] based on arguments set forth in a position statement it filed in this case last April (Dkt. 66)[2] and additional arguments raised in its memorandum in opposition filed on September 6, 2024 (Dkt. 70). Read together, the April 18, 2024, position statement (Dkt. 66), and recent memorandum in opposition (Dkt. 70) argue that the

---

[1] Gov't's Response Opp'n Mot. Unseal at 1 (Dkt. 70).

[2] *Id.* at 1 (incorporating by reference arguments set forth in Government's Position on Unsealing Declarations Submitted in Support of Stay Motions at 4–5 (Dkt. 66).

Combs Declaration, the first and second Periodic Status Reports, and the Supplemental Combs Declaration should remain under seal indefinitely to protect persons who cooperated with the Government's since-concluded criminal investigation, including at least one person who testified during grand jury proceedings, and to avoid disclosing targets of that investigation who had not yet participated in civil forfeiture proceedings and had not been identified to the public in connection with the underlying criminal case. The Government insists that the Supplemental Combs Declaration "contains some very sensitive details about a then-target and a member of that target's family" and that "the content of that information and the source of it should not be divulged" because "[t]he public would gain nothing by learning those details, but revealing them may cause the then-target, who was not ultimately charged, significant embarrassment."[3] The Government posits further, without support, that "[u]nsealing may also place the source of that information in danger" and "[c]ertainly[ ] would place the source of that information in significant fear of danger, at the very least."[4]

As an initial matter, the Government's response highlights a breathtaking disparity—that is, the difference between the Government's apparent concern for the psychological well-being of cooperators who proffered evidence that, in the end, was insufficient for good-faith prosecution of criminal charges against Mr. Watson[5] (on one hand) and the Government's apparent disregard for the lives and livelihoods that were forever upended by the very same investigation the Government

---

[3]   Gov't's Position Unsealing Decls. Support Stay Mots. at 5 (Dkt. 66).

[4]   *Id.* (citing Combs Decl. ¶ 27).

[5]   Statements that Kyle Ramstetter made to Amy Nelson raise serious questions as to whether the Government's unidentified sources were truthful or whether they proffered evidence in exchange for some benefit or in furtherance of some other ulterior motive. *See* Mot. to Unseal, Ex. B at 3 ("Everything is out of my control . . . . And I'm being told what to say . . . . I'm just being threatened with f*****' everything . . . every component of my life . . . .") (Dkt. 68-2).

pursued at Amazon's behest (on the other). Indeed, the Government argues for a seal to prevent *embarrassment* and, because that is—and should be—insufficient to support an indefinite seal with respect to all four documents in question, the Government speculates that an order unsealing the documents might place one source in danger or, at least, place that source in significant fear of danger.[6]

The Government's responses highlight another disparity that should be cause for concern: the disparity between its absolute position against unsealing and its requests three years ago for time-limited seal orders that eventually would give way to public access. In the Motion to Seal filed on February 3, 2021, the Government requested the Court to seal the Combs Declaration because, at that time, it related to an ongoing (now concluded) criminal investigation. Subject to Rule 11 of the Federal Rules of Civil Procedure, the Government represented to the Court that it sought "to have the declaration remain under seal for a period of one year" after which "the document [could] be made accessible to the general public on PACER."[7] The substance of the Combs Declaration has not changed since it was filed in February 2021. At that time, the Government contemplated that the Combs Declaration would be made public in 2022. The Government now opposes disclosure wholesale but offers no rational, good-faith basis against disclosure that was not available to it when requesting a one-year seal after which the document would be publicly accessible via PACER.

Similarly, on September 7, 2021, the Government requested leave to file the Supplemental Combs Declaration under seal because the materials contained in the declaration disclosed an

---

[6] The undersigned is not aware of any evidence to suggest that cooperators in the underlying criminal case were ever in danger of being harmed or threatened with harm since that case was initiated. The Government's suggestions to the contrary have no basis in fact and cannot justify indefinite seal orders over the subject documents.

[7] Gov't's Mot. to Seal ¶ 8 (Dkt. 20).

3

additional witness and discovery issue that had not been identified in the Combs Declaration.[8] With knowledge of that additional witness and discovery issue—and subject to Rule 11 of the Federal Rules of Civil Procedure—an attorney for the Government requested that the Supplemental Combs Declaration be placed under seal for one year, after which the document could be made accessible to the general public via PACER.[9] The substance of that document has not changed since it was filed in September 2021. At that time, the Government contemplated unsealing as early as 2022. The Government now requests that the Supplemental Combs Declaration be placed under seal indefinitely but offers no explanation as to why the outcome contemplated three years ago is no longer acceptable. Allowing the Government to abandon its initial requests for time-limited seal orders in favor of indefinite or permanent sealing—without offering any explanation for the change—will erode the public's confidence in the Government's conduct of federal criminal cases and the extent to which a prosecutor will be held to statements he or she made to the Court.

Mr. Watson has a right of public access to documents filed in support of the Government's motion to stay, and that right derives from the First Amendment as well as common law.[10] Under the First Amendment, Mr. Watson may not be denied access to documents filed in support of the Government's motions to stay because such denial is not narrowly tailored to serve a compelling government interest.[11] Indeed, the Government's response claims only that an unidentified witness will be embarrassed if the documents are unsealed and speculates that disclosure of one source's

---

[8]  Gov't's Mot. to Seal ¶ 8 (Dkt. 47).

[9]  *Id.*

[10] *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).

[11] *See Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

4

name may place that source in danger or at least cause that source to fear being in danger. Even were the Court to credit such speculation and find that the interest in question is a compelling government interest, the narrowly tailored remedy would be to unseal the entirety of the subject documents except the source's name.

The Government asserts that Mr. Watson has no right of public access under the First Amendment because the motions to stay were not dispositive.[12] But the Government so argues based on an unpublished decision of this Court. Unpublished decisions are not binding precedent in the Fourth Circuit,[13] and the undersigned is aware of no published decision by a federal court in this Circuit that would compel this Court to disregard Mr. Watson's First Amendment right to access the sealed materials in Docket Nos. 22, 41, 44, and 48.

Mr. Watson also has a right of public access based in common law, and that right may not be abrogated because interests asserted by the Government—interests in protecting a now-concluded criminal investigation and sparing certain cooperators and Government witnesses the embarrassment that would result if the documents are unsealed—are insufficient to overcome the general presumption in favor of public access.[14]

The government argues that the seal orders should be maintained pursuant to 18 U.S.C. § 981(g)(5), but that argument also fails. Section 981(g)(5) of title 18 of the United States Code authorizes material to be maintained under seal in civil forfeiture proceedings. Specifically, the

---

[12] Gov't's Response Opp'n Mot. Unseal at 1 n.1 (Dkt. 70) (citing *Kolon Indus., Inc. v. E.I. Du Pont de Nemours and Co.*, No. 3:11-cv-622, 2012 WL 1415641, at *5 (E.D. Va. Apr. 20, 2012) (unpublished).

[13] *See Edmondson v. Eagle Nat'l Bank*, 922 F.3d 535, 545–46 n.4 (4th Cir. 2019) ("Unpublished decisions, of course, do not constitute binding precedent in this Circuit"); *Ham v. Breckon*, 994 F.3d 682, 693 (4th Cir. 2021).

[14] *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

section provides: "In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."[15] Here, the criminal investigation has already ended, and there is no pending trial. The statute the Government relies on for continuing the seal orders is, therefore, inapplicable.

## CONCLUSION

For the reasons stated above, Mr. Watson requests the Court to vindicate his right to access under the First Amendment and common law and order that Docket Nos. 22, 41, 44, and 48 be unsealed in their entirety.

Dated: September 13, 2024  Respectfully submitted,

*/s/ Jeffrey R. Hamlin*
George R. Calhoun
Jeffrey R Hamlin (VSB 46932)
Robert Ward
Ifrah Law PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006
(202) 524-4143 (office)
(571) 228-3740 (cell)

---

[15] 18 U.S.C. § 981(g)(5).