# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>$4,543.79 SEIZED FROM U.S. BANK ACCT.<br>153568031006, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)   No. 1:20-cv-1343 (RDA/IDD)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This matter is before the Court on Movant Brian Watson's Motion to Unseal Documents Dkts. 22, 41, 44, and 48. Dkt. 68. This matter has been fully briefed and is now ripe for disposition. After considering the Motion, the Government's Opposition (Dkt. 70), and the Movant's reply (Dkt. 71), the Court DENIES the Motion for the following reasons.

It is well-established that there is a "right of public access" to judicial records. *See e.g., In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). There is a presumption of public access to judicial records which can only be rebutted "if countervailing interests heavily outweigh the public's interest in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

Here, based on the representations made by the Government regarding the contents of Dkts. 22, 41, 44, and 48, the materials should remain sealed as to protect those who participated in the Government's investigation, as well as the physical and psychological well-being of individuals related to the litigation. *See United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) ("Courts have recognized that an interest in protecting the physical and psychological well-being of

individuals related to the litigation . . . may justify restricting access."). The documents contain not only the names of individuals as well as information about them from which their identity might be deduced and, if that information were to become public, their safety may be compromised.

Accordingly, it is hereby

**ORDERED** that Movant Brian Watson's Motion to Unseal Dkts. 22, 41, 44, and 48 is **DENIED**, and the relevant documents are to remain sealed.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
April 11, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge